IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| JOHN MIDDLEMISS, | ) | Cause No. CV 07-058-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE TO |
| KENNETH COZBY, ROSS SWANSON, | ) | DISMISS COMPLAINT AND AMENDED |
| COLLEEN AMBROSE, and MIKE | ) | COMPLAINT |
| FERRITER | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter comes before the Court on Plaintiff's Complaint filed September 20, 2007 (Document 2) and his Amended Complaint filed July 30, 2008. (Document 6).

I. STATEMENT OF THE CASE

    A.    **Jurisdiction**

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for an alleged denial of due process regarding a disciplinary hearing held at the Montana State Prison,

denial of access to the courts and denial of property. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Parties

Plaintiff is a state prisoner currently incarcerated at the Montana State Prison in Deer Lodge, Montana. He is proceeding pro se.

The named Defendants are: Kenneth Cozby, hearings officer at Montana State Prison; Ross Swanson, Associate Warden at Montana State Prison; Colleen Ambrose, Department of Corrections legal counsel; and Mike Ferriter, Director of the Montana Department of Corrections. (Document 2, pp. 2-3).

### C. Factual Allegations

The factual allegations brought in Plaintiff's Complaint were set forth in detail in the Court's prior Order dated June 27, 2008 (Document 5) and will not be repeated in detail herein. To the extent that Plaintiff has set forth additional facts in his Amended Complaint, those will be discussed below in the analysis section.

### D. Procedural History

Plaintiff filed his Complaint and motion for leave to proceed in forma pauperis on September 20, 2007. (Documents 1 and 2). Plaintiff was granted leave to proceed in forma pauperis on September 27, 2007. (Document 4). On June 27, 2008, this Court issued an Order permitting Plaintiff to file an amended complaint. Plaintiff filed his Amended Complaint on July 30, 2008. (Document 6). The Court will now complete the prescreening process pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

## II.  ANALYSIS

### A.  Count One:  Disciplinary Hearing Claim

The Court previously determined that Plaintiff's disciplinary hearing claim, as plead in his original Complaint, failed to state a claim upon which relief may be granted.  Plaintiff alleged that he was denied his due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution during a disciplinary hearing relating to an escape attempt. (Document 2–Complaint, p. 3).

To state a claim for a due process violation, a plaintiff must show (1) that he had a protected liberty interest, and (2) that he was deprived of that interest without adequate due process.  If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant.  See, e.g., *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life.  See *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff was advised in the Court's prior Order that he had not sufficiently demonstrated that defendants had taken actions which affected his sentence in some unexpected manner or that imposed a hardship that was atypical and significant in relation to the ordinary incidents of prison

life. Plaintiff was given the opportunity in filing an amended complaint to meet this standard. He was specifically advised that he had failed to allege how his reclassification to administrative segregation imposed a hardship that is atypical and significant in relation to the ordinary incidents of prison life. Plaintiff was told that he had to explain the conditions under which he was confined in administrative segregation and how that differed from his confinement prior to the disciplinary hearing. Plaintiff was instructed to clarify precisely what discipline he received as a result of the allegedly unfair disciplinary hearing, the duration of those conditions and the degree of restraint imposed while in administrative segregation.

In his Amended Complaint, Plaintiff contends that he has now been in administrative segregation for over 16 months. He states that as a result he lost his low security housing, his prison job and "all of the many other freedoms and self improvement opportunities associated with my former custody level." (Document 6, p. 9). He describes the conditions as "extremely more restrictive, punishing, and mentally and emotionally trying–conditions rationally associated with isolation." (Document 6, p. 9).

These allegations are insufficient to demonstrate that Plaintiff was subjected to atypical or significant hardships in comparison to inmates in protective custody or inmates whose placement has not yet been determined. See *Sandin*, 115 S.Ct. at 2301 (30 days disciplinary segregation not "atypical" where no evidence that difference from other kinds of segregation). Placement in segregation falls within the terms of confinement ordinarily contemplated when a prison sentence is imposed, see *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986), and so the discipline Plaintiff received "comported with the prison's discretionary authority."

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT AND AMENDED COMPLAINT-CV-07-058-H-DWM-RKS / PAGE 4

In *Wilkinson v. Austin*, 545 U.S. 209 (2005), the Supreme Court held that placement in a supermax prison gives rise to a liberty interest. However, the Court noted that prison conditions where lights are on 24 hours a day, and exercise is permitted only for one hour per day in a small indoor room would likely apply to most solitary confinement facilities and probably would not, under *Sandin*, give rise to a liberty interest. See *id*. at 223-24. The crucial facts which led to a finding of a liberty interest in *Wilkinson* were (1) that inmates were deprived of "almost all human contact, even to the point that conversation is not permitted from cell to cell"; (2) that placement was for an indefinite period of time, with yearly review; and (3) that inmates lost their parole eligibility. *Id.* The facts alleged by Plaintiff are not remotely comparable. Plaintiff's placement in administrative segregation put him in conditions that are well within prison officials' discretion to impose.

Thus, Plaintiff cannot show that he had a liberty interest in avoiding placement in administrative segregation. See *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003)("[A]dministrative segregation in and of itself does not implicate a protected liberty interest.")(*citing Sandin*, 515 U.S. at 486).

Therefore, it is irrelevant whether Plaintiff received adequate due process protections, because he was not constitutionally entitled to due process. This claim will be recommended for dismissal.

### C. Count Two: Denial of Access to the Courts

Plaintiff's second claim for relief involving an allegation of denial of access to the courts also fails to state a claim upon which relief may be granted. Prisoners have a constitutional right

of access to the courts.  See *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.  *See Lewis*, 518 U.S. at 349.  An "actual injury" is an "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis*, 518 U.S. at 348.

     The Court previously advised Plaintiff that he had only made general allegations regarding the legal documents that were confiscated, he had not alleged an actual injury, such as the inability to meet a filing deadline or present a claim.  Therefore, Plaintiff was granted leave to supplement his Complaint with regard to his legal access claim.

     In his Amended Complaint, Plaintiff alleges that all the documentation confiscated relates directly to and is critical for the effective defense of his post conviction efforts now pending before the Ninth Circuit Court of Appeals and litigation brought against Montana State Prison for rights violations and abuse of authority claims now pending before the Montana Supreme Court.  Plaintiff alleges that the confiscation of these documents prevents him from effectively defending and proving his claims and prevents him from effectively and accurately preparing replies to opposing pleadings. (Document 6, pp. 10-11).

     The Court notes that Plaintiff did file a habeas petition in this Court on June 25, 2004 challenging a 1998 conviction.  That habeas petition was denied on June 12, 2006 based upon procedural default and Plaintiff's failure to file his petition within the applicable statute of limitations.  Plaintiff appealed that denial to the Ninth Circuit Court of Appeals but those

proceedings have been held in abeyance since May 25, 2007 pending the Ninth Circuit's decision in another case.[1] With regard to Plaintiff's lawsuit pending in the Montana Supreme Court, it appears from the Montana Supreme Court's website that Plaintiff filed his Appellant brief in that matter on May 5, 2008 and the Appellee's responded on May 29, 2008.

While Plaintiff has made general allegations regarding the documents that were confiscated, he has not alleged an actual injury, such as the inability to meet a filing deadline or present a claim. As such, his claims regarding access to the courts should be dismissed.

### D. Count Three: Fourteenth Amendment Due Process Claim

Plaintiff's final claim is that his Fifth and Fourteenth Amendment property rights were violated when his personal property was confiscated after he was placed in administrative segregation. In his Amended Complaint, Plaintiff clarified that he was notified by the property department at the prison that he would have to send his property out of the prison or it would be destroyed. As Plaintiff was given the opportunity to send his property out of the prison, there is no due process violation. See *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

## III. CONCLUSION

The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed

---

[1]The Court takes judicial notice of prior Orders filed in this Court and in the Ninth Circuit Court of Appeals involving Plaintiff's petition for writ of habeas corpus, Civil Action No. 04-CV-150-M-DWM-LBE and Court of Appeals Docket # 06-35872. *See, e.g.*, *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 n.1 (9th Cir. 1988) (A court may take judicial notice of its own as well as other courts' records.).

for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court is going to designate this case as a "strike" under this provision because Plaintiff's claims fail to state a claim.  For this same reason, the Court will certify that any appeal of this matter would not be taken in good faith.  That is, the issues raised in this matter are frivolous.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

1. Plaintiff's Complaint (Document 2) and Amended Complaint (Document 6) should be **DISMISSED.**

2. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

3. The docket shall also reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Plaintiff's claims are so frivolous that no reasonable person could suppose that an appeal would have merit.

4. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 21st day of August, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge