

FILED

NOV 24 2008

PATRICK E. DUFFY, CLERK
By_____
      DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JOHN MIDDLEMISS, | ) | CV 07-58-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KENNETH COZBY, ROSS SWANSON, | ) | |
| COLLEEN AMBROSE, and MIKE FERRITER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Middlemiss has filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights stemming from a disciplinary proceeding against him and his subsequent placement in administrative segregation.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong identified several defects in the Complaint and issued an Order allowing Plaintiff Middlemiss to address the

-1-

problems by filing an amended complaint on June 27, 2008. Doc. No. 5. Middlemiss filed his Amended Complaint on July 30, 2008. Judge Strong then completed the preliminary screening process and issued Findings and Recommendations in which he recommends dismissal of the Amended Complaint for failure to state a claim.

The first claim of the Amended Complaint alleges a due process violation because Middlemiss was subject to a biased disciplinary hearing which resulted in his placement in administrative segregation. Judge Strong explained in his June 27, 2008 Order that a due process claim requires the plaintiff to hold a protected liberty interest, meaning that the action complained of must either 1) effect the sentence in an unexpected manner, or 2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Upon review of the Amended Complaint, in which the Plaintiff alleges that his placement has cost him his prison job as well as "all of the many other freedoms and self improvement opportunities associated with [his] former custody level," Judge Strong concluded that the Plaintiff failed to state a claim because placement in segregation of the type alleged here falls within the scope of confinement ordinarily contemplated when a prison sentence is imposed.

Plaintiff's second claim alleges denial of access to the courts. The allegation is based on the confiscation of certain of Plaintiff's legal documents. Judge Strong recommends

dismissal of this claim for failure to state a claim because Plaintiff Middlemiss does not allege the requisite "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline." See Lewis v. Casey, 518 U.S. 343, 346 (1996).

The third and final claim in the Amended Complaint alleges a due process violation arising from the loss of the Plaintiff's property after he was placed in administrative segregation. Judge Strong took note of the Plaintiff's statement in the Amended Complaint that he was notified by the property department at the prison that his property would be destroyed unless he sent it out of the prison. Because the Plaintiff was given notice and an opportunity to send his property out of the prison, Judge Strong concluded that the Amended Complaint fails to state a claim and recommends dismissal of the third claim for relief.

Plaintiff Middlemiss timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Middlemiss argues that Judge Strong overlooked his right to be free from "arbitrary and retaliatory placement in isolation." Doc. No. 8 at 2. The objection merely restates the underlying due process claim. To be free from arbitrary action is to be entitled to due process before such action may be taken. Here, Plaintiff has failed to allege a liberty interest subject to due process protection.

With regard to the confiscation of his property, Middlemiss argues that he has suffered an actual injury constituting denial

of access to the courts because the loss of his legal papers prevents him from "effectively" proceeding with present and future litigation. Doc. No. 8 at 2-3. As Judge Strong explained, the generalized allegation of hindrance to the Plaintiff's efforts in litigation is insufficient to state a claim for denial of access to the courts. Likewise, the Plaintiff's complaint that the loss of his legal materials might undermine his position in a possible future court case lacks the specificity necessary to succeed on a claim for denial of access to the courts.

Upon de novo review, and having considered the objections filed by Defendant Middlemiss, I agree with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint (Doc. No. 2) and Amended Complaint (Doc. No. 6) are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff Middlemiss's filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g). The docket shall reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 24th day of November, 2008.

Donald W. Molloy, District Judge
United States District Court